## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,
*ex rel.* JOHN WYKE and GARY BROWN

                     Plaintiffs-Relators,

v.

AMERICAN INTERNATIONAL, INC, et. al,

                     Defendants.

_____/

Case No. 01-60109

HON. MARIANNE O. BATTANI

## OPINION AND ORDER DENYING DEFENDANT KELLEY'S MOTION FOR SUMMARY JUDGMENT

## I.     INTRODUCTION

Before the Court is the Government's Complaint Upon Intervention (Doc. # 21) and Defendant Kelley's Motion for Summary Judgment (Doc. #29).  As explained in greater detail in the Court's previous Opinion and Order (Doc. #63), the Co-Relators filed the original *qui tam* action on May 24, 2001, alleging that Defendants submitted false claims to the government in relation to an airport contract that was awarded in 1994.  The Government notified the Court that it intended to intervene and desired to add Mr. Kelley as a defendant on July 27, 2004.  The Court issued an order directing the United States to serve its civil complaint against Kelley within thirty days of the completion of a pending criminal trial against Kelley and his wife, which ended on September 27, 2004.  Consistent with this order, the Government filed its Complaint Upon Intervention on October 27, 2004.

In this motion, Defendant Kelley raises a procedural challenge to the claims asserted against him under the False Claims Act ("FCA").  He argues that these claims must be dismissed

because they run against the six-year statue of limitations applicable to the False Claims Act.  In response, the Government argues that its claims against Kelley fall within the statute of limitations because it was not made aware of Kelley's involvement in the submission of fraudulent claims until he was indicted with criminal charges.  Furthermore, the Government argues that the statute of limitations stopped running once the Co-Relators filed their initial complaint on May 24, 2001.  Alternatively, the Government argues that its claims against Kelley should relate back under FED. R. CIV. P 15 to the initial filing of this *qui tam* action by the Co-Relators.  At oral argument, the Government submitted an argument in the further alternative.  Namely, the Government contended that, if the Complaint Upon Intervention does not relate back, it should be considered as a "fresh" suit being filed against Kelley for bills that continued to be submitted after October 27, 1998.


## II.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  There is no genuine issue of material fact if there is no factual dispute that could affect the legal outcome on the issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  In other words, the movant must show he would prevail on the issue even if all factual disputes are conceded to the non-movant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

2

III.     **ANALYSIS**

The central issue in this motion is whether the Government's complaint relates back to

the filing of the Co-Relators' complaint.  The requirements for relation back are set forth in

FED.R.CIV.P. 15(c):

> (c)     Relation Back of Amendments. An amendment of a pleading relates back
> to the date of the original pleading when
> (1)  relation back is permitted by the law that provides the statute of
> limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the
> conduct, transaction, or occurrence set forth or attempted to be set forth in
> the original pleading, or
> (3) the amendment changes the party or the naming of the party against
> whom a claim is asserted if the foregoing provision (2) is satisfied and,
> within the period provided by Rule 4(m) for service of the summons and
> complaint [i.e., within 120 days], the party to be brought in by amendment
> > (A) has received such notice of the institution of the action that the
> > party will not be prejudiced in maintaining a defense on the merits,
> > *and*
> > *(B) knew or should have known that, but for a mistake concerning
> > the identity of the proper party, the action would have been
> > brought against the party.*

(emphasis added).  This rule is based on the notion that once a lawsuit has been initiated

concerning a particular transaction or occurrence "the parties are not entitled to the protection of

the statute of limitations against the later assertion by amendment of defenses or claims that arise

out of the same conduct, transaction, or occurrence as set forth in the original pleading." Brown

v. Shaner, 172 F.3d 927, 932 (6th Cir. 1999).

The application of Rule 15(c) to this case is somewhat challenging because this suit was

initiated under 31 U.S.C. § 3730 by a private party, on behalf of the Government.  Unlike the

typical *qui tam* action where the Government's complaint upon intervention asserts identical

claims, the Government chose to include *additional claims* and a *new defendant*.  The addition of

Kelley has created confusion on both sides.  First, it created disagreement as to when the statute

of limitations set forth in 31 U.S.C. § 3731 stopped running.  Second, it forced the Government

to take inconsistent positions on the nature of their new claims.[1]  This confusion has

understandably left Defendant Kelley in an uncertain position as to how he can effectively

defend against this suit.  To resolve this confusion, two separate issues must be addressed:  (1)

whether the Government's claims relate back; and (2) whether the Government attempt to add

Kelley relates back.  Rule 15(c)(2) governs the former question while Rule 15(c)(3) applies to

the latter.

**A.      The claims in the Government's complaint relate back to the Co-Relators'
complaint.**

In similar FCA suits, courts have consistently found that an intervening complaint filed

by the Government must be viewed as an amendment of the relator's initial complaint rather than

an independent complaint by a new party.  See United States ex rel. Cosens v. Yale-New Haven

Hosp., 233 F.Supp. 2d 319, 325 (D.Conn.2002); United States ex rel. Alsaker v. CentraCare

Health Sys., Inc., No. 99-106, 2002 WL 1285089 at *1 (D. Minn. June 5, 2002).  This approach

is consistent with the nature of a *qui tam* action because the United States is the real party of

interest in such a suit even though it is initiated by a private party.  In re Cardiac Devices, 221

F.R.D. 318 (D.Conn. 2004); United States ex rel John David Tillson, No. 5:00CV-39-M, 2004

WL 2403114 at *19-20 (W.D.Ky. Sept. 30, 2004).  Therefore, Rule 15(c)(2)[2] permits relation

---

[1]  At different points during this litigation, the Government has sought to depict the new claims
against Kelley as a proper part of the initial action, claims that relate back to the initial action,
and as claims that constitute a "fresh action" that should be considered independently.

[2]  The first subsection of Rule 15(c) is inapplicable to this suit because the FCA's statute of
limitations "contains no provisions dealing with the relation back of amendments to complaints

back of the Government's complaint if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." United States ex rel. Purcell, 254 F.Supp.2d 69, 75-76 (D.D.C. 2003).

The Court finds that the Government's complaint arises out of the same conduct, transaction and occurrences as those identified in the Co-Relators' complaint. FED.R.CIV.P. 15(c)(2). Both complaints are predicated on the multi-million dollar, federally-funded contract to renovate the airfield lighting and signage at Detroit Metropolitan Wayne County Airport. Both complaints allege that Defendants improperly billed the government and sought unnecessary extensions in completing the project. And both complaints allege violations of 31 U.S.C. § 3729(a)(1)—submission of false claims, 31 U.S.C. § 3729(a)(2)—submission of false records, and 31 U.S.C. § 3729(a)(3)—conspiracy.[3] Therefore, the Government's complaint properly relates back and must be viewed as an amendment of the Co-Relators' initial complaint.

### B. There is an issue of material fact as to whether the statue of limitations bars the FCA claims against Kelley.

Although the intervening complaint relates back to the initial complaint, the Government must still demonstrate that it can properly add Kelley as a party. Generally, a plaintiff may add a defendant either by availing themselves to the relation-back provision of Fed.R.Civ.P. 15(c)(3)

---

stating *qui tam* claims." United States ex rel. Koch, 188 F.R.D. 617, 627 (N.D. Okla. 1999).

[3] The Government's complaint does add claims for payment by mistake and unjust enrichment. Since these claims are asserted only against American International and Defendant Vallecorsa, the Court will not address them in ruling on Defendant Kelley's motion for summary judgment.

5

or by simply amending their complaint so as to add the new claims against the defendant if the claims are not barred by the relevant statute of limitations.  The first option is not available in this suit because the Government has not alleged a mistake of identification.[4]  See Nelson v. Adam USA, Inc., 529 U.S. 460, 467 n. 1 (2000) (stating that Rule 15(c)(3) "applies only in cases involving 'a mistake concerning the identity of the proper party'").

Since the Government may not make use of the relation back provision to add *a party*, Kelley's motion must be granted unless the FCA claims fall within the applicable statute of limitations.  Purcell, 254 F.Supp.2d at 76-77.  The FCA's  statute of limitations provides that a suit may not be brought:

> (1)  more that 6 years after the date on which the violation of section 3729 is committed, or
>
> (2)  more that 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed, whichever occurs last.

31 U.S.C. § 3731(b).  Accordingly, the Court must determine whether the statute of limitations elapsed before the Government filed its notice of intervention on July 27, 2004.

Citing § 3731(b)(2), Kelley argues the statute of limitations has elapsed because the

---

[4] In addition, the Government has not alleged a sufficient factual basis to find that Kelley knew or should have known that, but for a mistake of identity, he would have been named in the original complaint.  Force v. City of Memphis, No. 95-6333, 1996 WL 665609 at **2-4 (6th Cir. Nov. 4, 1996).  "[W]hether the new defendants knew or should have known that the suit should have been brought against them...is a patently factual inquiry and left to the district court."  Berndt v. Tennessee, 796 F.2d 879 (6th Cir. 1986).  Here, the Government has identified no facts that would explain why Kelley should have known that, but for a mistake, the Co-Relators would have included him in the initial litigation that was primarily directed at the construction entities involved in the airport project.

Government should have known of his role in the alleged fraudulent scheme in June of 2000 when the Joint Committee of the Michigan Legislature questioned the implementation of the light and signage contract.  Alternatively, Kelley contends that the six year limitation in § 3731(b)(1) bars all claims that occurred before October 27, 1998.[5]   In response, the Government argues that summary judgment should be denied because there are too many factual issues.  The Government contends that Kelley has failed to produce sufficient evidence that the investigation by the state legislature uncovered material facts that would have provided adequate notice of his involvement.  In addition, the Government tersely submits that "Kelley has not attempted let alone met his burden of proving the absence of a genuine issue of material fact surrounding the timeliness of the Government's claims against him."  Govt.'s Resp. Br. at 10.

The Court finds that granting summary judgment would be premature because there are too many unresolved factual issues.  "Analyzing when the responsible government official knew of or should have known facts material to the FCA…is a 'complex factual determination to be made by the district court.'"  Purcell, 254 F.Supp. at 78 (citations omitted).  The Court has been provided with no information regarding the nature and extent of the Joint Committee's investigation.  Accordingly, it is unclear whether the investigation was the date on which the statute of limitations in § 3731(b)(2) began to run.  Furthermore, the Complaint alleges a complex conspiracy that led to the submission of countless false claims, each of which is a

---

[5] Presumably, this calculation is based on the date that the Government filed its intervening complaint.  However, July 27, 2004, the date when the Government filed its notice of intervention against Defendant Kelley, is the proper date on which the statute of limitations stopped running because the Court entered a stay that allowed the Government to file its complaint within thirty days of the completion of Kelley's criminal trial.  See United States ex rel. Campbell, 282 F.Supp.2d 1324, 1336 (M.D.Fl. 2003) (indicating that a stay tolls the operation of the FCA's statute of limitations).

separate FCA violation.  For each violation, a new statute of limitations period began.  Until the Court is provided with information concerning the date of these transactions and Kelley's involvement, a determination on whether any claims are time-barred cannot be made.

**IV.     CONCLUSION**

For the reasons set forth above, the Court hereby **DENIES** without prejudice Defendant Kelley's motion for summary judgment.

**IT IS SO ORDERED.**

s/Marianne O. Battani                                   
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: June 20 , 2005

-8-

**CERTIFICATE OF SERVICE**

Copies of this Opinion and Order were mailed and/or electronically delivered to Patricia

A. Stamler, Karen R. Hiyama, Thomas W. Cranmer, Timothy R. Thornton, Katrina I. Crawley,

Michael J. Lavoie, Samuel C. Damren, and James W. McGinnis on this date.

s/Bernadette Thebolt_____
DEPUTY CLERK